STATE OF CONNECTICUT *v.* PEDRO RIJOS

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 15, 1967

*David M. Wise,* of Stamford, for the defendant.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION. The defendant, thirty-one years of age, was convicted by a jury of twelve of the crime of manslaughter in violation of § 53-13 of the General Statutes, which provides for a maximum sentence of fifteen years. The court sentenced the defendant to not less than five nor more than ten years in state prison.

The defendant and the homicide victim had shared a home in Stamford, living as man and wife. Earlier on the night when the offense took place, the defendant had observed the victim in an automobile with another man and jealously believed it to be a tryst with another lover. The defendant waited in his nearby gasoline station until the victim returned shortly after two a.m. He took a shotgun which he had at the gasoline station and went out walking

toward her as she was walking from the sidewalk. The victim evidently had called her mother, who, anticipating trouble, went out to meet her daughter as she was walking toward the house. The mother was carrying a rolling pin and attempted to get between her daughter and the defendant, but the defendant avoided her. There was some maneuvering and then the shotgun discharged. A portion of the victim's head was blown off as a result of the shotgun blast at close range.

Defendant voluntarily surrendered to the police and gave a written statement. Subsequently he recanted and claimed the gun went off accidentally. Defendant's prior record in the community was good.

The state's attorney pointed out that the defendant saw the victim drive up in a car with another man and waited in the gasoline station for her to return. In his statement to the police, the defendant said that this made him "mad." The defendant gave no other reasonable explanation as to why he carried a shotgun in approaching the victim on the night she was shot.

The sentencing court said: "As the state's case unfolded it seemed very close to first-degree murder to me. We have a man who was waiting for his common-law wife at two o'clock in the morning with a loaded shotgun and he blasted half her face off . . . . I am going to give him credit, certainly for his army record, his good work record, the fact that he ran to the police station voluntarily, without delay, but after all a human life has been lost and very brutally, at that."

We are convinced that the sentence is fair and just and must stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.